CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 27 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT W. DOUGHERTY, | CASE NO. 7:12CV00549 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| COMMONWEALTH OF VIRGINIA, ET AL., | By: Glen E. Conrad |
| | Chief United States District Judge |
| Defendants. | |

Robert W. Dougherty, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that officials at a county jail and at a state correctional center have violated his rights. After review of Dougherty's complaint and attachments totaling 269 pages, the court finds that the action must be summarily dismissed because the factual allegations do not support any actionable claim under § 1983.

I

Dougherty has not followed the simple directions on the § 1983 form to make a statement of each claim and the facts in support of each claim, using numbered paragraphs. Liberally construing the stack of documents he submits as part of his complaint, however, the court has identified the following incidents about which Dougherty complains: (1) officials at the Fairfax County Adult Detention Center ("FCADC") confiscated Dougherty's contact lenses for several months and did not provide him with eye glasses;[1] (2) FCADC officials deprived Dougherty of access to the law library and materials he needed to litigate his state court civil actions; (3) on May 20, 2011, an FCADC official "fired" Dougherty from his laundry job, in violation of

---

[1] Incidents (1) through (3) Dougherty stated in a pleading filed on November 30, 2011, in the Fairfax County Circuit Court, CL-2011-0017739 (ECF No. 1-2, at pp. 1-9). Although his state court pleading is styled as an action under the Virginia Tort Claims Act, Dougherty incorporates these incidents by reference into his § 1983 complaint.

FCADC procedures, which resulted in loss of his trustee status and his assignment to adverse housing conditions; (4) certain pleadings Dougherty mailed from FCADC to the Fairfax County Circuit Court related to his civil action, Case CL2011-17739, were not received or considered by the Court; (5) after Dougherty's transfer to Green Rock Correctional Center ("GRCC"),[2] a prison facility operated by the Virginia Department of Corrections ("VDOC"), GRCC officers ignored Dougherty's requests for access to the law library, his state court civil action, CL2011-0017739, was dismissed, and his appeal was also dismissed as improperly filed; (6) GRCC officials ignored Dougherty's requests for medical care for his poor vision, given his age (he is almost 70); (7) on July 4, 2012, Dougherty was assaulted by his cell mate, and GRCC officials did not properly discipline the attacker; (8) GRCC officials housed Dougherty in a cell with a known "racist homosexual" who stole Dougherty's personal property and legal work product; (9) GRCC officials ordered Dougherty to carry his steel property box to his new cell and tried to assign him an upper bunk in violation of prison policy; and (10) Counselor Coates rejected Dougherty's applications for jobs at GRCC despite his obvious qualifications for the work requested.

The court further construes Dougherty's submitted "MEMORANDUM OF LAW 42 U.S. Code § 1983" as alleging that the incidents he describes give rise to the following constitutional violations for which he seeks relief under § 1983:[3]

    A.    Defendants at FCADC and GRCC interfered with plaintiff's right to access the courts;

    B.    FCADC defendants acted with deliberate indifference to a significant risk of serious harm by confiscating plaintiff's contact lenses and failing to replace the lenses or provide him with glasses;

    C.    FCADC defendants retaliated against plaintiff for filing civil actions in state court by firing him without cause from his prison job, by depriving

---

[2] Dougherty is currently incarcerated at GRCC.

[3] See Mem. of Law, ECF No. 1-3, at pp. 1-4.

2

him of trustee status, by assigning him to a higher security classification and housing him in a high risk part of the jail, and by transferring him to GRCC; and officials at GRCC retaliated against plaintiff by improperly responding to the inmate assault that plaintiff suffered on July 4, 2012, and by denying him prison jobs for which he was qualified; and

D. FCADC and GRCC defendants acted with deliberate indifference to plaintiff's medical needs regarding his poor vision.

Dougherty names the following defendants: Commonwealth of Virginia; Office of the Fairfax County Sheriff; FCADC; Sheriff Stan Barry; FCADC officers Chapman, Chartak, and Johnson; GRCC; GRCC Warden Manis; and GRCC employees Hamilton, Morton, Lowe, Runyon, and Coates. As relief, Dougherty seeks monetary and injunctive relief including, among other things, examination by an ophthalmologist, replacement contact lenses or eye glasses, back wages for his lost prison job, and compensation for his litigation costs in state court and in this court.

## II

The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The allegations in Dougherty's complaint do not support any conceivable constitutional claim against the GRCC defendants and must be dismissed under § 1915A.

3

### Claims against Nonpersons

As an initial matter, Dougherty's claims against the Commonwealth and GRCC must be dismissed under § 1915A(b)(1), as frivolous. It is well settled that a state cannot be sued under § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). This rule applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," such as the Virginia Department of Corrections and its facilities such as GRCC. Id. at 70. Dougherty's claims against FCADC and the "Office of the Sheriff of Fairfax County" must also be dismissed, as these named defendants are not legal entities that qualify as "persons" subject to suit under § 1983. Id.

The individual officials that Dougherty names as defendants are state actors subject to suit under § 1983. Dougherty's allegations, however, do not state specific actions undertaken by each defendant in violation of his rights, as necessary to hold each of them personally liable under § 1983. See Twombly, 550 U.S. at 570. More importantly, for the reasons explained herein, Dougherty's allegations do not state any actionable claim against anyone.

### Claim A: Court Access Problems at FCADC and GRCC

Liberally construing Dougherty's submissions, the court has identified the following events relevant to his claim that defendants interfered with his right to access the courts. In 2011, Dougherty filed his first lawsuit in the Fairfax County Circuit Court, Case CL2011-8170, against FCADC, the sheriff, and other FCADC officers. Among other things, Dougherty alleged that the defendants had confiscated and then lost his contact lens and that his access to the law library was limited. Defendants filed demurrers, arguing that Dougherty's allegations did not state actionable constitutional claims. By order dated October 26, 2011, the Court sustained the

4

demurrers and dismissed Dougherty's case "without prejudice." (ECF No. 1-2, at 106.)

Dougherty filed a second civil action against the same defendants on the same facts, Case CL2011-0017739, asking for relief under the VTCA. Dougherty also added a claim about being fired from his job at the FCADC laundry. Again, the defendants filed demurrers, which the Court sustained by order dated April 13, 2012, granting Dougherty 28 days to submit an amended complaint. (ECF No. 1-4, at 47.)

Around April 20, 2012, officials transferred Dougherty from FCADC to GRCC. On May 11, 2012, Dougherty submitted a response to defendants' demurrers. By order dated June 22, 2012, the Court held:

> IT APPEARING that Plaintiff's Response requests that the court reverse its decision of April 13, 2012, sustaining Defendants' Demurrers with 28 days leave to amend Plaintiff's complaint.
> IT FURTHER APPEARING that pursuant to Virginia Supreme Court Rule 1:1, the April 13, 2012 decision became final twenty-one (21) days after the date of entry, and cannot now be vacated.
> It is therefore ORDERED that Plaintiff's Response to Defendants' Demurrers is deemed a Motion to Reconsider and is hereby DENIED and the case DISMISSED.

(ECF No. 1-4, at 47.) Dougherty attempted to appeal this ruling, but apparently mailed his appeal to the Court of Appeals of Virginia instead of the Supreme Court of Virginia. By order entered October 5, 2012, the Court of Appeals dismissed his appeal upon finding: "It appears that this court does not have jurisdiction over this case. See Code §§ 17.1-405 and 17.1-406. However, as the notice of appeal was not timely filed in the trial court, the case cannot be transferred to the Supreme Court of Virginia pursuant to Code § 8.01-677.1." (ECF No. 1-4, at 58.)

Dougherty's allegations in support of his court access claim are sparse. He alleges that when he asked for access to the FCADC law library, to get a newer version of the rules of civil

5

procedure and local court rules, and to make photocopies of legal documents, the official in charge of the library was hostile to him. (ECF No. 1-2, at pp. 2-3, 7.) Dougherty alleges that this situation at FCADC "impeded" his ability to access the courts. Dougherty alleges that at GRCC, Defendant Runyon "consistently ignored [his] requests for law library access [which] imped[ed] his ability to access, and respond to the court." (ECF No. 1, at 6.)

"[T]he fundamental constitutional right to access the court requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The right of access does not require prisons to ensure that an inmate be allowed to "turn[ ] pages in the law library" or have access to every type of legal material he believes he needs to litigate effectively, once he has brought his claim before the court. Lewis v. Casey, 518 U.S. 343, 354, 356 (1996). To state an access claim, the inmate must show that he was unable to bring, or he lost, a particular, viable claim concerning prison conditions or the fact of his confinement, because specified deficiencies in the law library or legal assistance program the prison provided denied him the "capability" of litigating that claim. Id. at 356-57.

Dougherty's submissions make no showing that library problems at FCADC or GRCC prevented him from bringing or caused him to lose any viable claim. Dougherty has achieved court access; he has successfully filed two state court civil actions, multiple motions in those actions, and this § 1983 complaint. Although the circuit court sustained the defendants' demurrers in his state court civil actions, Dougherty's ability to pursue his claims was not lost at that point.[4] The first case was expressly dismissed without prejudice,[5] and the order sustaining

---

[4] See Norris v. Mitchell, 495 S.E.2d 809, 811 (Va. 1998) ("If the order merely sustains such a demurrer, it is not a final order; to be final, it must go further and dismiss the case.) (omitting citation).

6

defendants' demurrers in the second case expressly granted Dougherty leave to file an amended complaint within 28 days to correct the pleading deficiencies noted in the demurrers.[6] He thus retained the ability to pursue his claims.

Instead of preparing an amended complaint as the Court granted him leave to do in April 2012, however, Dougherty chose to prepare responses to the demurrers. As a result of his failure to file an amended complaint within the allotted time, the Court entered a dismissal order. Defendants cannot be liable under § 1983 merely because Dougherty made unwise legal decisions or failed to present facts that supported any viable claim for relief. Dougherty's allegations do not show any connection between his failure to file an amended complaint, as the Court expressly directed, and any specific deficiency in his access to legal materials at either prison facility. He thus fails to demonstrate that the alleged library access problems at either FDADC or GRCC caused the proffered harm to his litigation efforts, as necessary to state any actionable claim under Lewis, 518 U.S. at 351.[7] Under § 1915A(b)(1), the court will summarily dismiss Dougherty's claims alleging that defendants deprived him of access to the courts.

---

[5] See Newberry v. Ruffin, 45 S.E. 733, 733 (Va. 1903) ("A dismissal of a suit 'without prejudice' is no decision of a controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought.") (citation omitted).

[6] Norris, 495 S.E.2d at 811 (finding that "if the order [sustaining a demurrer] also gives the plaintiff leave to amend, it does not become final until after the time limited therein for the plaintiff to amend his bill has expired") (omitting internal quotations and citations).

[7] Dougherty is also apparently claiming that his law library problems at GRCC somehow "caused" the Court of Appeals to dismiss his appeal of his circuit court action. As explained, Dougherty's choice not to file an amended complaint, rather than law library deficiencies, led to the dismissal of his case and, indirectly, to the ill-fated appeal. Moreover, Dougherty does not point to any particular library problem that caused his untimely submission of the notice of appeal in the circuit court or his erroneous submission of other appeal materials to the Court of Appeals. Thus, he fails to show that defendants' actions or omissions rendered him incapable of pursuing a viable appeal. Lewis, 518 U.S. at 356-57.

7

### Claim B and D: Vision Problems

Dougherty alleges that shortly after officials detained him at FCADC at the end of August 2011, they confiscated his contact lenses and saline solution, telling him that these items would be sent to the medical department. (ECF No. 1-2, at 32-38.) Dougherty states that without his contact lenses, given his age and small stature, he was "left more vulnerable and at considerable risk without benefit of sight." (ECF No. 1-2, at 1.) Dougherty's request forms and grievances on the issue did not achieve return of his property for several months. On February 1, 2012, officials returned Dougherty's lens case, but one of the lenses was missing. FCADC officials did not replace the lenses or provide Dougherty with an eye exam and eye glasses.

After Dougherty was transferred to GRCC in April 2012, he underwent an eye chart test that should have notified medical personnel that his vision was poor. Yet, no one provided him with an eye exam, contact lenses, or glasses.

The Eighth Amendment protects prisoners from cruel and unusual living conditions.[8] Rhodes v. Chapman, 452 U.S. 337 (1981). On the other hand, exposure to uncomfortable, restrictive, or inconvenient conditions of confinement is not a constitutional violation, because "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. To prove a constitutional claim related to an unsafe jail condition, Dougherty must show that each of the defendant prison

---

[8] Dougherty alleges that during part of his incarceration at FCADC, he was a pretrial detainee. It is unclear from his submissions, however, when he was convicted and sentenced to incarceration in the VDOC. This fact does not bear on the validity of the court's determination that Dougherty's allegations fail to state any § 1983 claim, however. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535-538 (1979) (finding that due process proscribes punishment of pretrial detainee before proper adjudication of guilt has been accomplished). Nevertheless, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

8

officials acted with deliberate indifference -- that they knew, subjectively, the challenged condition presented a substantial risk of serious harm and nevertheless failed to take "reasonable measures" to alleviate it. Farmer v. Brennan, 511 U.S. 825, 835-37 (1994). Dougherty must also "produce evidence of a serious or significant physical or emotional injury resulting from the challenged condition[ ]," or "demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Dougherty's allegation that defendants left him "vulnerable" by depriving him of vision correction for several months fails to satisfy the injury element under Shakka. First, Dougherty does not allege facts from which each of the FCADC defendants knew that lack of vision correction posed any significant risk of harm to Dougherty. Second, Dougherty does not state facts on which he could show that going without contact lenses or glasses while at FCADC actually resulted in any serious physical or emotional injury of any kind. Thus, he fails to demonstrate that any one or more of these defendants acted with the required level of deliberate indifference to sustain a § 1983 claim for damages under Farmer.

Similarly, Dougherty's allegations fail to show that any GRCC defendant knew between April 2012 and the filing of this lawsuit that depriving him of vision correction posed any significant risk that he would be seriously harmed. Although he alleges that one cell mate assaulted him at GRCC and another robbed him, Dougherty does not state facts suggesting that his poor eyesight in any way caused his involvement in these altercations. Dougherty's allegations also do not support a finding that lack of vision correction at present places him at any significant risk of serious harm so as to state a claim for prospective relief under Shakka.

9

Dougherty also asserts a § 1983 claim concerning medical care. Apparently, he claims that the defendants' failure to provide him with vision correction violated his constitutional rights. Such a claim under § 1983 requires proof of two elements: a sufficiently serious medical need;[9] and an official's deliberate indifference to that serious medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Under this second prong, an assertion of mere negligence or even malpractice is not enough; plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Id. at 106. The prisoner must demonstrate that each defendant's actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citations omitted). A prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985). Moreover, nonmedical personnel may rightfully rely on the professional judgment of medical staff members to determine the appropriate treatment. Miltier, 896 F.2d at 854-55.

Under these principles, Dougherty states no constitutional claim against the defendants regarding his medical care. The only medical condition mentioned in his complaint is his poor vision. Yet, at no point does Dougherty allege that he suffered any physical symptoms from lack of vision correction or that his vision worsened at FCADC or GRCC. His vague allegations about his demands for contact lenses or glasses are not sufficient to demonstrate that he had a serious medical need for a medical assessment of his vision during his incarceration at either institution. Moreover, the prison administrators and correctional officers, like the defendants Dougherty names, could rightfully rely on the judgment of the GRCC medical staff as to whether

---

[9] See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious).

10

or not Dougherty's vision problems required immediate medical assessment or corrective lenses. Id.

For the reasons stated, the court concludes that Dougherty fails to allege facts stating any constitutional claim concerning his lack of contact lenses or other means of vision correction at FCADC or GRCC. All such claims will be summarily dismissed under § 1915A(b)(1).

**Claim C: Retaliation**

Prison officials may not retaliate against an inmate for exercising his constitutional right to access the court. Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978). On the other hand, to state a § 1983 claim here, Dougherty must present more than conclusory allegations of retaliation. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). He must allege facts showing that his exercise of his constitutional right was a substantial factor motivating the retaliatory action. See, e.g., American Civil Liberties Union v. Wicomico County, 999 F.2d 780, 785 (4th Cir. 1993) (citing Mt. Healthy City School District Board of Education v. Doyle, 429 U.S. 274, 287 (1977) (requiring plaintiff to show "a causal relationship between the protected expression and the retaliatory action"); Wagner v. Wheeler, 13 F.3d 86, 90-91 (4th Cir. 1993) (same). Mere "temporal proximity" between the inmate's protected activity and the official's allegedly retaliatory act "is simply too slender a reed on which to rest" a §1983 retaliation claim. Wagner, 13 F.3d at 91.

Dougherty's Claim 4 rests on nothing more than a conclusory assertion that since officials took adverse actions against him after he filed his lawsuits in circuit court, they must have done so to retaliate against him for exercising his right to access the court. The mere timing of these events does not satisfy the necessary causation element of a § 1983 retaliation claim. Dougherty alleges no facts suggesting his lawsuits, past or pending, motivated any of the

11

defendants to take the actions of which he complains. Moreover, by Dougherty's own admission, many of the incidents mentioned as retaliatory had causative factors unrelated to any lawsuit. For example, Dougherty alleges that he lost his job, trustee status, and favorable housing assignment after being detained for a disciplinary charge, not because of a lawsuit. Dougherty vaguely characterizes his transfer to GRCC as a retaliatory act, but fails to allege any facts suggesting that officials at FCADC have any authority whatsoever over when a particular inmate is received in a VDOC prison facility. In short, Dougherty's retaliation claim is merely conclusory and must be summarily dismissed under § 1915A(b)(1), because he fails to state facts showing that his exercise of constitutional rights motivated any of the adverse actions of which he complains.[10]

---

[10] Moreover, the incidents that Dougherty interpreted as retaliation do not give right to any independent claim that these events violated his constitutional rights. Because Dougherty had no constitutional right to his prison job, his trustee status, or his assignment to any particular housing unit, official actions divesting him of any such status did not violate any federally protected right. See Altizer v. Paderick, 569 F.2d 812, 812-13 (4th Cir. 1978) (finding that courts may not take on "the role of super wardens of state penal institutions" and "do not sit to supervise state prisons. . . . In particular, the classifications and work assignments of prisoners in such institutions are matters of prison administration, within the discretion of the prison administrators.") (internal citations omitted). Dougherty does not allege that he suffered any serious injury as a result of less favorable living conditions he faced after losing his trustee classification; without this showing, he states no claim under Shakka, supra, that these conditions were unconstitutional. Similarly, Dougherty fails to show that he suffered any injury from GRCC officers' moving him temporarily to a cell where he was assigned an upper bunk and, therefore, fails to state a viable constitutional claim. Finally, while prison officials must make reasonable efforts to keep inmates safe from assaults by their fellow inmates, Dougherty does not allege facts indicating that any GRCC defendant knew in advance of any specific risk that his cell mates would harm him in any way; without such a showing, he has no § 1983 against prison officials for failing to protect him from harm. See Odom v. South Carolina Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003).

For the reasons stated, the court dismisses Dougherty's complaint without prejudice, pursuant to § 1915A(b)(1), for failure to state a claim. An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 27th day of February, 2013.

/s/ Glen Conrad
Chief United States District Judge